# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK DALE FONTROY,** ) | | |
|     Plaintiff ) | | |
| ) | | |
| vs. ) | C.A.No. 14-165JOHNSTOWN | |
| ) | | |
| **JOHN WETZEL, et al,** ) | Magistrate Judge Baxter | |
|     Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff initiated this civil action by filing a purported class action complaint along with numerous other motions on August 4, 2014. The complaint, in part, challenges the sentence tail limitation in the Department of Corrections' Hepatitis C protocol. Despite the fact that Defendants had not been served with the complaint, on August 19, 2014, this Court conducted a telephonic hearing on many of Plaintiff's motions, including a Motion for Return of Property [ECF No. 5], a Petition for Writ of Prohibition [ECF No. 4], a motion for preliminary injunction [ECF No. 1-12], and a petition for a kidney transplant [ECF No. 1-10]. The Office of the Attorney General entered a special appearance to be present for that hearing.

At the hearing, Plaintiff acknowledged that he was serving a life sentence. It was explained to Plaintiff that he could not file a class action complaint on behalf of a class of inmates challenging the sentence tail limitation because he was not an appropriate representative of such a class since the sentence tail did not pertain to him. Accordingly, the motion for preliminary injunction was dismissed due to Plaintiff's lack of standing and Plaintiff was directed to file an Amended Complaint raising claims pertaining to his own medical issues before September 19, 2014.

1

Thereafter, Plaintiff filed an Amended Complaint. The Amended Complaint is similar to the Original Complaint with only minor changes. While Plaintiff has substituted some of the class member language with the words "family member," most of the class allegations remain. With the Amended Complaint, Plaintiff filed a Motion for Preliminary Injunction relative to Department of Corrections' Hepatitis Control Policy [ECF No. 12] and a Motion for Emergency Hearing relative to Examination by ENT, with a Supporting Brief, and Proposed Order [ECF Nos. 13, 14, 15]. The motions for preliminary injunctive relief, made relative to the Amended Complaint, are addressed herein.

*Standard of Review*

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an

injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a

3

request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

*Motion for Preliminary Injunction relative to
Department of Corrections' Hepatitis Control Policy*

Plaintiff's motion for preliminary injunctive relief relative to the Hepatitis Control Policy [ECF No. 12] broadly seeks the implementation statewide by the Department of Corrections of a Hepatitis C policy, which incorporates numerous recommendations by the Center for Disease Control. Some of these recommendations include the yearly testing of all staff and inmates, preventative twelve week drug treatments for the uninfected, containment strategies, and a tracking and reporting system. Although Plaintiff does not outline the precise injunctive relief he seeks, he explains that preliminary relief is needed "in order to protect the prisoners class, as well as staff and the general public." ECF No. 12, page 12.

Plaintiff's request for preliminary injunctive relief in relation to a Hepatitis C Control Policy was addressed in the hearing held on August 19th as it related to the Original Complaint and the request was dismissed due to Plaintiff's lack of standing. Plaintiff's current request for preliminary injunctive relief, like his prior request, will be dismissed for the same reason.

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Comcast Corp. v. Behrend, ___ U.S. ___, ___, 133 S.Ct. 1426, 1432 (2013) quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979). To come within the exception, a party seeking to maintain a class action "must affirmatively demonstrate

his compliance" with Rule 23 of the Federal Rules of Civil Procedure.[1] Wal-Mart Stores, Inc. v. Dukes, 564 U.S. ___, ___, 131 S.Ct. 2541, 2551-52 (2011). As an "essential prerequisite" to the Rule 23 analysis, the Court must consider 1) whether there is a precisely defined class and 2) whether the named plaintiff is a member of that proposed class. Marcus v. BMW of North America, 687 F.3d 583, 596 (3d Cir. 2012) (explaining the concept of ascertainability[2] at length for the first time). The second part of this ascertainability analysis focuses on whether the class

---

[1] To meet this burden, a plaintiff must satisfy the four prerequisites of Rule 23(a) and show that the action can be maintained under at least one of the subsections of Rule 23(b). In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 316 n.14 (3d Cir. 2009). Rule 23(a) provides that: 1) The class must be so numerous that joinder of all members is impracticable; 2) There are questions of law or fact common to the class; 3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) The representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). These factors are referred to as numerosity, commonality, typicality and adequacy, respectively.

In addition to proving the factors set forth in Rule 23(a), the putative class representative has the burden to satisfy at least one of the provisions of Rule 23(b) through "evidentiary proof." Comcast, ___ U.S. at ___, 133 S.Ct. at 1426. Rule 23(b) permits certification if:

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any question affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23 (b).

[2] While the Third Circuit recognizes ascertainability, other courts refer to this implicit requirement of Federal Rule 23 as "definiteness." See William Rubenstein and Alba Conte, Newberg on Class Actions §§ 3.1, 3.2 (5th ed. 2012).

5

representative is a member of the proposed class. See Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 360 (3d Cir. 2013) ("It is axiomatic that the lead plaintiff must fit the class definition[,]" because "plaintiffs cannot represent a class of whom they are not a part.") (internal citation omitted).

Here, Plaintiff cannot seek preliminary injunctive relief on behalf of a purported class of which he is not a member. Plaintiff has no standing to challenge the current sentence tail limitations on Hepatitis C treatment since Plaintiff, as one who is serving a life sentence[3], has no sentence tail. See Schlesinger v. Reservists Comm. To Stop the War, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents."). Without standing upon which to base his class action claims this Court lacks jurisdiction and Plaintiff has virtually no likelihood of success on the merits of his claim.

*Motion for Emergency Hearing relative to Examination by ENT*

Plaintiff's Motion for Emergency Hearing [ECF No. 13] seeks injunctive relief alleging denial of adequate medical care. Specifically, Plaintiff requests that this Court direct Defendants to "provide a specialized medically appropriate course of evaluation and treatment recommended by a [sic] Ear, Nose and Throat doctor, designed to restore and maintain the full function of Plaintiff's hearing" and to direct Defendants to "arrange for Plaintiff Fontroy to be examined by a qualified ENT specialist and to obtain from that specialist an evaluation of the conditions of deafness and pressure on his ear drums, and prescription for a course of medical treatment that

---

[3] See ECF No. 16, Notice to Court, with a copy of Plaintiff's Sentence Status Summary showing that Plaintiff was convicted of first degree murder and is serving a life sentence.

will restore and maintain the full function of his hearing." See also ECF No. 14, Plaintiff's Memorandum of Law in Support of his Motion for Preliminary Injunction regarding Treatment by ENT.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr'al. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104.

However, mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Id. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")."Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). See also White, 897 F.2d at 108 ("mere medical malpractice cannot give rise to a violation of the Eighth Amendment."). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F.2d 533, 575 n.2 (3d Cir. 1979). "Mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White v. Napoleon, 987 F.2d 103, 110 (3d Cir. 1990). Any attempt to second guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determination remains a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.3d 754, 762 (3d Cir. 1979) quoting Bowring v. Goodwin, 551 F.2d 44. 48 (4th Cir. 1977).

The testimony at the August 19th hearing held on Plaintiff's prior motion for preliminary injunction reflected that Plaintiff has been continuously treated for his ongoing complaints related to his ears. Plaintiff had begun a new nasal medication as recently as August 12th, but had refused it on three occasions prior to the August 19th hearing. This testimony makes clear that Plaintiff is unhappy with his current medical treatment. Such a disagreement does not rise to the level of a constitutional violation. Again, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff's dissatisfaction, as well as his noncompliance, with his current medical treatment does not warrant preliminary injunctive relief or an independent medical examination under Rule 35.

AND NOW, this 8th day of September, 2014;

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction relative to Department of Corrections' Hepatitis Control Policy [ECF No. 12] is DISMISSED due to Plaintiff's lack of standing.

IT IS FURTHER ORDERED that the Motion for Emergency Hearing relative to Examination by ENT [ECF No. 13] is DENIED.

IT IS FURTHER ORDERED that Plaintiff file a Second Amended Complaint before DATE. The Second Amended Complaint must raise only legal claims related directly related to Plaintiff's medical issues. Failure to comply with this directive may result in the dismissal of this action for failure to prosecute.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge