# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK DALE FONTROY,** | ) | |
| Plaintiff, | ) | Civil Action No. 14-165JOHNSTOWN |
| | ) | |
| v. | ) | District Judge Gibson |
| | ) | |
| **JOHN WETZEL, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is hereby recommended that Plaintiff's motion for temporary restraining order or preliminary injunction [ECF No. 126] be dismissed.

**II.  REPORT**

    **A.  Relevant Procedural History**

Plaintiff, an inmate acting *pro se*[1] and a frequent filer in this Court, filed this civil action on August 4, 2015. Plaintiff filed a purported class action complaint on behalf of all prisoners

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

1

incarcerated in the Department of Corrections who have Hepatitis C and were allegedly deprived of proper medical treatment because under the Department of Corrections Hepatitis C protocol inmates who have less than 12 months remaining in their sentences are not treated (the sentence tail). Plaintiff also alleged that he was being denied Hepatitis C treatment because he was receiving kidney dialysis.[2] The operative complaint in this matter is "Plaintiff's only Second Amended Complaint" docketed at ECF No. 23. In this filing, Plaintiff complains that the Hepatitis C protocol violates his Eighth Amendment rights because the protocol categorically excluded inmates with life sentences from receiving treatment for their disease. ECF No. 23, page 2-3, 10-11. Plaintiff claims he was diagnosed with Hepatitis C as early as 1997, yet Defendants did not follow-up to determine which genotype of the disease he had contracted and provided him no further treatment for the Hepatitis C.

Plaintiff has filed a motion seeking a temporary restraining order or preliminary injunction. ECF No. 126. In his present motion for injunctive relief, Plaintiff complains that Defendants confiscated his "core legal materials." As relief, Plaintiff seeks the return of these legal materials as well as the cessation of all retaliation against him.

This Court conducted a telephonic hearing on this, as well as other pending matters, on October 26, 2016.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568

---

[2] This complaint is a near copy of the complaint filed in Runkle v. Department of Corrections, C.A.No. 13-137Pitts, which was dismissed by Chief Magistrate Judge Maureen Kelly in December of 2013.

2

(Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

**C. Plaintiff's motion for injunctive relief**

In this motion, Plaintiff complains that prison staff confiscated his "core legal materials." Plaintiff claims this action was taken in retaliation for the filing of the current as well as other lawsuits. As relief, Plaintiff seeks an Order directing "Defendants to cease **all** retaliation against Plaintiff and to return **all** illegally confiscated core legal materials in this case ONLY." ECF No. 127, page 6.[3]

Plaintiff has raised the issue of his voluminous "core legal materials" before this and other courts on multiple occasions. Plaintiff has been engaged in an ongoing dispute with Department of Corrections officials revolving around the storage of twenty-five boxes of legal materials.[4] Since the filing of the instant motion, the confiscated documents have been destroyed by the Department of Corrections. Because the documents no longer exist, Plaintiff's request for their return has become moot.

As to Plaintiff's request that Defendants be ordered to cease all retaliation, Plaintiff's request is speculative and should not be granted. See Dawson v. Frias, 2010 WL 1379894, at *3 (D.N.J. March 30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim); Patterson v. Lilley, 2003 WL 21507345 (S.D.N.Y June

---

[3] This request for injunctive relief is not related to the alleged constitutional violations of the underlying complaint in this civil rights action and so Plaintiff cannot demonstrate that there is any likelihood of success on the merits. See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (for preliminary injunctive relief to be granted, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Banks v. Good, 2011 WL 2437061 (W.D. Pa. Apr. 20, 2011); 2011 WL 2418699 (W.D. Pa. June 14, 2011). See also Spencer v. Stapler, 2006 WL 2052704, at *9 (D.Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., 96 WL 255912, at *1 (E.D. La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action.").

[4] To date, Plaintiff has received none of the injunctive relief he has sought in this regard.

20, 2003) (defendants could only be held deliberately indifferent to an existing condition, not a speculative future injury).

### III. CONCLUSION

It is hereby recommended that Plaintiff's motion for temporary restraining order or preliminary injunction [ECF No. 126] be dismissed.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge